UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MERCEDES ROSARIO,

                Plaintiff,

        -against-

MARTIN J. O'MALLEY,[1]
Commissioner of Social Security,

                Defendant.
----------------------------------------------------------X

**ORDER**

21 Civ. 3193 (JCM)

Plaintiff Mercedes Rosario ("Plaintiff") moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Docket No. 29).  The Commissioner of Social Security (the "Commissioner") does not oppose the reasonableness of the fee award. (Docket No. 34).  For the reasons set forth below, Plaintiff's motion is granted.

I.     **BACKGROUND**

Plaintiff filed applications for Social Security Disability and Supplemental Security Income benefits on February 25, 2014 and June 1, 2014, respectively. (Berger Aff.[2] ¶ 1).  The Social Security Administration ("SSA") denied Plaintiff's claims, and Plaintiff did not appeal. (*Id.*).  Plaintiff filed new applications for Social Security Disability and Supplemental Security Income benefits in November 2015. (*Id.*).  Plaintiff's claims were again denied, and Plaintiff requested a hearing before an ALJ. (*Id.*).  After the hearing, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act. (*Id.*).  After the Appeals Council denied Plaintiff's

---

[1] Martin J. O'Malley is now the Commissioner of Social Security and is substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Refers to the Affirmation of Daniel Berger, dated May 17, 2024. (Docket No. 30).

request for review, Plaintiff retained Daniel Berger, Esq. ("Mr. Berger") to represent her in federal court to challenge the SSA's decision. (*Id.* ¶¶ 1-2, Docket No. 30-1).

On October 24, 2019, Plaintiff commenced a federal civil action, *Rosario v. Comm'r of Soc. Sec.*, 1:19-cv-9815 (JGK) (OTW). (Berger Aff. ¶ 3).  The parties subsequently agreed to remand the case, which was "So Ordered" by the Honorable John G. Koeltl on November 4, 2020. (*Id.*).  The court awarded $8,550.00 in attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (*id.* ¶ 4), but those fees were partially offset by Plaintiff's federal debt of $1,006.22, (Docket No. 30-4).  On December 31, 2020, the ALJ issued a written decision, without holding a new hearing, again finding Plaintiff not disabled. (Berger Aff. ¶ 5).  On April 13, 2021, with Mr. Berger's assistance, Plaintiff challenged the Commissioner's decision. (Docket No. 1).  On January 18, 2022, Plaintiff filed a motion for judgment on the pleadings. (Docket No. 18).  The parties subsequently agreed to remand the case, which was "So Ordered" by the Court on March 21, 2022. (Berger Aff. ¶ 5, Docket No. 22).  Thereafter, the Court awarded attorney's fees under the EAJA in the amount of $8,873.20. (Docket No. 28).

On September 27, 2023, the ALJ issued a fully favorable decision for Plaintiff. (Berger Aff. ¶ 7).  The SSA issued a Notice of Award ("NOA") to Plaintiff on May 4, 2024. (Docket No. 30-5).  On May 17, 2024, Plaintiff's counsel, Mr. Berger, filed the instant motion seeking an award of attorney's fees in the amount of  $30,905.50 pursuant to 42 U.S.C. § 406(b). (Docket No. 29).  This amount is twenty-five percent of the past-due benefits awarded to Plaintiff.[3] (Berger Aff. ¶¶ 9, 11).  On May 21, 2024, the Commissioner responded to Plaintiff's motion, and

---

[3] The SSA is withholding twenty-five percent of the past-due benefits awarded in the amount of $30,905.50. (Berger Aff. ¶ 11).

did not contest the reasonableness of the attorney's fee award, but argued that the Court should "authorize" the award instead of directing the Commissioner to "pay" it. (Docket No. 34 at 2-3).

## II.    DISCUSSION

Section 406(b) of the Social Security Act provides that when a claimant receives a favorable judgment in federal court, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made, and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted).  The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.* at *3 (citation omitted).  As such, a fee award under 42 U.S.C. § 406(b) is not the result of any fee shifting between the parties, but is instead an amount paid by the Social Security claimant to his or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

## A.  Timeliness

Federal Rule of Civil Procedure 54(d) governs the timeliness of fee applications under § 406(b). *See Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019).  Rule 54(d) requires that fee applications be filed within fourteen days following "the entry of judgment." *See* Fed. R. Civ. P. 54(d)(2)(B)(i).  In *Sinkler*, however, the Second Circuit held that equitable tolling extends this period to fourteen days after "a party receives notice of a benefits calculation" for social security cases involving a judgment that reverses the denial of benefits and remands to the SSA. *See Sinkler*, 932 F.3d at 89.  The Circuit reasoned that rigid application of Rule 54(d) in such cases

would otherwise create an impossible deadline because the Commissioner "typically" takes months to calculate the amount of past-due benefits, and Section 406(b) cuts off attorney's fees at twenty-five percent of any benefits awarded. *Id.* at 87. Thus, "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.

Plaintiff's counsel's motion for attorney's fees is timely. The SSA issued the NOA on May 4, 2024, (Berger Aff. ¶ 11, Docket No. 30-5), and Plaintiff's counsel filed the instant motion for attorney's fees on May 17, 2024, (Docket No. 29). Thus, counsel timely filed the motion within fourteen days of the NOA. *See Sinkler*, 932 F.3d. at 89 n.5. Moreover, the Commissioner does not contest the timeliness of Plaintiff's motion. (*See* Docket No. 34). Accordingly, Plaintiff's motion is timely.

## B. Reasonableness

The SSA provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371. Thus, "§ 406(b) does not displace contingent-fee agreements," but "[r]ather . . . calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

To determine whether a fee is "unreasonable," courts should consider (1) "whether the contingency percentage is within the 25% cap;" (2) "whether there has been fraud or overreaching in making the agreement;" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).  In *Gisbrecht*, the Supreme Court also held that reduction of the fee may be "appropriate[]" "based on the character of the representation and the results the representative achieved," or the attorney's role in any delay. *See* 535 U.S. at 808.  Here, the percentage is within the twenty-five percent statutory cap, and there is no evidence of fraud or overreaching. (*See* Docket No. 34).  Thus, the Court focuses its analysis on whether the requested amount constitutes a windfall or otherwise must be reduced under *Gisbrecht*. *See* 535 U.S. at 808.

The Second Circuit explained in *Fields* that the windfall factor considers whether "the benefits are large in comparison to the amount of time counsel spent on the case." 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808) (internal quotations omitted).  At the same time, however, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.  Indeed, the "windfall factor does *not* constitute a way of reintroducing the lodestar method." *Id.* (emphasis in original).  Consequently, the Circuit set forth four additional factors to be considered when determining whether a particular award constitutes a windfall: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do;" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" (3) "the satisfaction of the

disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-56.

Applying these standards, the Court finds that the fee sought by Plaintiff's counsel is reasonable. Here, Plaintiff's past-due benefits total $123,622.00, (*see* Docket No. 32 at 4), and Plaintiff's counsel is requesting a fee award of $30,905.50, (Berger Aff. ¶ 12), which is twenty-five percent of Plaintiff's past due benefits. "Most contingency agreements in social security cases set the contingency rate at 25 percent and that is true in this case." *Rivera v. Saul*, 18-CV-7135 (JLC), 2021 WL 864184, at *2 (S.D.N.Y. Mar. 9, 2021). The twenty-five percent fee sought by Plaintiff's counsel is within the range frequently upheld by courts in this Circuit. *See Wells*, 907 F.2d at 370. In addition, there is no evidence of fraud or overreaching in the making of the contingency agreement. (*See generally* Docket No. 30-1).

Moreover, the fee sought will not result in a windfall for Plaintiff's counsel for several reasons. First, Plaintiff's attorney represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounts for the risk of taking on a contingency case. *See Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Second, the contemporaneous time records submitted in support of the motion, (Docket Nos. 30-2, 30-3), reflect that Mr. Berger spent 81.5 hours on this case, 42.2 hours on the first unsuccessful appeal, and 39.3 hours on the present appeal. While "courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court," *Bass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted), "40 hours is not a hard-and-fast limit . . . [as] courts have found higher hours to be reasonable if the administrative record is especially lengthy or the issues

raised to be notably complex," *Ortiz v. Comm'r of Soc. Sec.*, 20-cv-5715 (AJN) (SN), 2022 WL 2713571, at *1 (S.D.N.Y. July 13, 2022) (collecting cases).  Courts "have not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award." *Servedio v. Comm'r of Soc. Sec.*, 19-CV-9903 (RA), 2022 WL 3084335, at *1 (S.D.N.Y. Aug. 3, 2022) (citation and internal quotations omitted).  "Factors that justify expending more than forty hours include the factual, substantive, and procedural complexity of the case, as well as the size of the administrative record, and the efficacy of the attorney's efforts." *Urbancik v. Saul*, 19-CV-11735 (JLC), 2020 WL 6605256, at *2 (S.D.N.Y. Nov. 12, 2020) (citation and internal quotations omitted).

Here, Plaintiff's case was procedurally cumbersome, as it was remanded twice and involved multiple hearings in front of an ALJ. (Berger Aff. ¶¶ 1, 3-7).  Moreover, Mr. Berger's efforts were successful, as Plaintiff secured a remand from the Commissioner, and a fully favorable decision by the ALJ. (*Id.* ¶¶ 2, 3, 5, 7).  Thus, it is not surprising that Mr. Berger spent significantly above the forty-hour range typically found to be reasonable by courts in this Circuit. Furthermore, "Mr. Berger has worked for many years on Social Security disability cases at the federal and administrative levels, and certainly possesses the requisite ability and expertise in this field." *Caraballo v. Comm'r of Soc. Sec.*, 19 Civ. 10395 (AEK), 2023 WL 1777325, at *3 (S.D.N.Y. Feb. 6, 2023).  Third, the *de facto* hourly rate of $379.21 is well within the range of fee awards approved by courts in this Circuit. *See, e.g.*, *Laden v. Comm'r of Soc. Sec.*, 17 Civ. 10050 (NSR) (AEK), 2022 WL 17828488, at *5 (S.D.N.Y. Nov. 3, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022).  Fourth, Mr. Berger performed significant work on Plaintiff's case.  After the ALJ denied Plaintiff's first claim, Mr. Berger represented Plaintiff in federal court over the course of two appeals. (Berger

Aff. ¶ 2).  Mr. Berger (1) reviewed over 2,000 pages of administrative records; (2) drafted and filed two federal complaints; (3) filed motions in federal court; and (4) met with and advised his client. (Docket Nos. 30-2, 30-3).  Counsel's work resulted in an award of $123,622.00 in past due benefits for Plaintiff, who is now also entitled to $1,336.00 per month going forward. (Docket No. 30-5).  Thus, the Court has no reason to believe that Plaintiff is not satisfied with counsel's representation, given the significant amount of past-due and future benefits that Plaintiff will receive. *See Laden*, 2022 WL 17828488 at *5 ("[T]his Court has no reason to believe that Plaintiff is in any way unsatisfied with the results of counsel's representation [as] Plaintiff was awarded $162,384.22 in past-due benefits and was found to be eligible for $2,488 per month going forward."); *see also Bradley v. Colvin*, 13-CV-00449-PKC, 2016 WL 4203467, at *3 (E.D.N.Y. Aug. 8, 2016) (granting twenty-five percent of past-due benefits in the amount of $25,704.50 for 69.4 hours of work over the two appeals for a *de facto* rate of $370.38). Finally, the Court notes that the Commissioner does not object to Plaintiff's attorney's fees request. (Docket No. 34).  Therefore, the Court finds that the hours worked by Plaintiff's counsel were reasonable and the fee does not constitute a windfall.

Accordingly, the requested fee of $30,905.50 is reasonable.

## C.  EAJA

"Under [the] EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).  This provision "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket," and calculates fees "not by a percent of the amount recovered, but by the 'time expended' and the attorney's

'[hourly] rate,' . . . capped in the mine run of cases at $125 per hour." *See id.* (quoting 28 U.S.C. § 2412(d)(1)(B), (2)(A)) (alteration in original). Although awards under both the EAJA and § 406(b) are permissible, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *See id.* (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186) (alteration in original); *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

Plaintiff's counsel received two EAJA awards: one of $8,550.00 for Plaintiff's first action, and another of $8,873.20 for Plaintiff's second action. (Berger Aff. ¶¶ 4, 6). Plaintiff's federal debt of $1,006.22 was subtracted from this award, which resulted in a total EAJA award of $16,416.98. (Docket Nos. 30-4, 32 at 5). Since counsel is receiving an award under Section 406(b) that exceeds his prior EAJA award, he "must refund to the claimant" the smaller EAJA award. *Gisbrecht*, 535 U.S. at 789.

Accordingly, the Court finds that Plaintiff's counsel must refund to Plaintiff the $16,416.98 fee award under the EAJA upon his receipt of his award under Section 406(b).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted and Plaintiff's counsel is awarded $30,905.50, which represents twenty-five percent of the retroactive benefits awarded to Plaintiff. Upon receipt of this award, Plaintiff's counsel is directed to refund to Plaintiff the previously awarded $16,416.98 in EAJA fees.

The Clerk of the Court is respectfully requested to terminate the pending motion (Docket No. 29).

Dated:     July 19, 2024
           White Plains, New York

                                        **SO ORDERED:**

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge

-10-